IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| FREDDIE BURROUGHS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:10cv610 |
| K. SCRUGGS, ET AL. | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge John D. Love. The two Report and Recommendations ("R&R") of the Magistrate Judge, which contain proposed findings of fact and recommendations for the disposition of such action, have been presented for consideration. In the first R&R, the Magistrate Judge recommends that Defendants Texas Department of Criminal Justice and University of Texas Medical Branch be dismissed pursuant to their Eleventh Amendment immunity from suit. In the second R&R, the Magistrate Judge recommends that individual Defendant K. Scruggs be dismissed because Plaintiff has not stated a claim upon which relief may be granted; in light of these recommendations, he also recommends that the entire lawsuit be dismissed. Plaintiff has filed objections (docket entry #28).

Having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Specifically, Plaintiff has not stated any objection whatsoever regarding TDCJ's and UTMB's Eleventh Amendment immunity as addressed in the first R&R. Although he refers to the actions of certain employees of TDCJ in his objections, including J.

1

Edmonds and Sgt. Grayson, neither of those individuals was named in the lawsuit itself. Therefore, Plaintiff has not objected to the dismissal of TDCJ and UTMB.

As to individual Defendant K. Scruggs, Plaintiff has added nothing in his objections to the allegations in his amended complaint. To the extent he alleges that K. Scruggs, a physicians' assistant, was negligent, a claim for negligence is not cognizable in a § 1983 lawsuit. To the extent he claims deliberate indifference to his medical needs, he has not pleaded conduct that reaches the "extremely high standard" of alleging that PA Scruggs "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. TDCJ-ID*, 239 F.3d 752, 756 (5th Cir. 2001). In fact, Plaintiff alleges that PA Scruggs met with him, reviewed the diagnosis of his condition that was entered in his medical record by medical personnel at the Middleton Unit, where he was incarcerated before being transferred to the Powledge Unit, and continued the prescriptions he had been given at the Middleton Unit consisting of Naproxen for his arthritis and Amlodipine for his "congested heart," along with a "host of [other] medication." Amended Complaint at PageID #65. Those very pleadings overcome a claim of deliberate indifference to his serious medical needs; even if the decision to continue his medications constituted medical malpractice, that is not a basis to sustain a § 1983 lawsuit. *Domino*, 239 F.3d at 756. He also claims he made PA Scruggs "aware of the recommendation of the echocardiogram as well as [his] objection to some of the medication on which [he] had been placed," *id.*, referring to an echocardiogram recommendation made by a doctor over a year before, prior to his incarceration. However, Plaintiff had already spent nine months at the Middleton Unit, where medical personnel had performed their diagnoses pursuant their then-current examinations of Plaintiff. That they did not perform an echocardiogram is not

imputable to PA Scruggs months later.

Furthermore, although the Magistrate Judge did not include it in his R&R, the Court notes that Plaintiff asserts he exhausted his administrative remedies in this case and states he attached a Step 1 and Step 2 grievance to his amended complaint to demonstrate that. *See* Amended Complaint at PageID #67 ("Plaintiff Freddie Burroughs used the prisoner grievance procedure available at the L.C. Powledge Unit of the Texas Department of Criminal Justice to try and solve the problem. On January 14, 2010 Plaintiff Freddie Burroughs presented the facts relating to this complaint. On April 2, 2010 Plaintiff Freddie Burroughs was sent a response saying that the grievance had been denied. On April 12, 2010 he appealed the denial of the grievance."). However, a review of those grievances reveals that they concern only the events that occurred subsequent to his collapse on December 22, 2009, and his dissatisfaction with the response by Sgt. Grayson and the UTMB nurse on duty in the infirmary to his collapse and near-death. He does not refer to PA Scruggs in either grievance, nor make any reference to his medical treatment between the time he arrived at the Powledge Unit in September 2009 and the date of his collapse on December 22, 2009. In his objections, he also attaches portions of the same grievances and copies of a number of sick call requests he made at various times. *See* Objections at PageID #142-51. Several of the sick call requests post-date December 22, 2009. Of those that pre-date that date, none addresses any of the concerns he raises in his amended complaint. They are mostly requests for management of his medication (i.e., wanting to have his medications as "keep on person" rather than having to walk to the pill dispensary window), a request for a breathing treatment in alternative to his inhaler, and lotion for a dry skin condition on his legs and feet. *Id*. It does not appear that Plaintiff addressed any concerns with the care provided by PA Scruggs in a grievance process or in any other fashion prior to his collapse.

3

Although the Court is not dismissing this case due to failure to exhaust administrative remedies, these facts further inform the Court's decision that there is no merit to the claims against Defendant Scruggs.

Therefore, Plaintiff's objections to the Magistrate Judge's two Report and Recommendations are without merit. The Court therefore adopts both Report and Recommendations. It is accordingly

**ORDERED** that Defendants Texas Department of Criminal Justice and University of Texas Medical Branch are **DISMISSED WITH PREJUDICE** pursuant to their Eleventh Amendment immunity from suit; Defendant K. Scruggs is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim upon which relief may be granted despite two opportunities to plead his grounds; and the complaint in its entirety is therefore **DISMISSED** with **PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1). All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 2nd day of October, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**