IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| FREDDIE BURROUGHS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:10cv610 |
| K. SCRUGGS, ET AL. | § | |

MEMORANDUM OPINION AND ORDER

On September 4, 2012, the assigned Magistrate Judge issued two Report and Recommendations ("R&R") recommending that Defendants Texas Department of Criminal Justice (TDCJ) and University of Texas Medical Branch ("UTMB") on the one hand, and Defendant K. Scruggs on the other hand, be dismissed and that the entire lawsuit be dismissed with prejudice. On October 2, 2012, the Court adopted both R&Rs and entered an Order of Dismissal and Final Judgment. *See* docket entries #30, 31. However, nearly contemporaneously with those Orders, the Clerk received a Motion for Leave to File an Amended Complaint (docket entry #32) from Plaintiff. It is dated September 25, 2012, and was received September 28, 2012, but was not entered on the docket until the same day as the Court's Order of Dismissal on October 2, 2012. It was entered at docket entry #32, after the Clerk discovered it, but dated September 28, 2012.

Plaintiff filed his original complaint in this case on November 17, 2010 (docket entry #1). On motion, he filed an amended complaint on April 15, 2011 (docket entry #10), which was the operative complaint upon which the R&R and the Order of Dismissal were based.

In his instant motion, Plaintiff states:

> Since the filing of the First Amended Complaint Plaintiff has determined that the claim of negligence and crule and unusual punishment should be added which is an Eight Amendment right.

Motion at 2, ¶ 2 (as in original). He then provides two pages of handwritten facts and legal claims and a third page with a "prayer for relief," which generally comport with the facts he has previously

1

alleged. He refers in passing in his motion to "defendants" J. Edmonds and Sgt. Grayson, but he has never named those individuals as Defendants in this case.

No further amendment to Plaintiff's claim is necessary because he has already pleaded negligence and cruel and unusual punishment in addition to deliberate indifference as part of an Eighth Amendment claim in his First Amended Complaint. *See* docket entry #10 at 4, ¶ 13, which states:

> The deliberate indifference to medical needs and negligence violated Plaintiff Freddie Burroughs's rights and constituted cruel and unusual punishment, a due process violation under the Eighth Amendment to the United States Constitution.

Plaintiff also refers to "cruel and unusual punishment," "deliberate indifference" and "negligence" in his Objections (docket entry #28) to the R&R. Furthermore, the First Amended Complaint also unequivocally identifies the only defendants in this action as TDCJ, UTMB and K. Scruggs. *See id.* at 1-2 (caption and ¶¶ 4-6 identifying Defendants). His instant motion does not seek to change or add any Defendants.

Although Fed. R. Civ. P. 15(a)(2) permits amendments to a complaint after a responsive pleading such as UTMB's Fed. R. Civ. P. 12(b) motion to dismiss, it requires either the opposing party's consent or the Court's leave, which should be "freely give[n] [ ] when justice so requires." However, "'leave to amend is by no means automatic' and is 'entrusted to the sound discretion of the district court.'" *Johnson v. Epps*, 2012 WL 2360133, at *3 (5th Cir. June 21, 2012) (per curiam) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)). The Court may consider a variety of factors in deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id.* (quoting *Jones*, 427 F.3d at 994); *see also Real Estate Innovations, Inc. v. Houston Ass'n of Realtors, Inc.*, 422 Fed. Appx. 344, 351-52 (5th Cir. 2011) (per curiam) (reciting factors and denying leave to amend after movant had already filed amended complaints and "had the opportunity to allege its best case").

The Court is mindful that "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Johnson*, 2012 WL 2360133, at *3 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.1981)). However, in this case, the "amendment" Plaintiff seeks to make is no amendment at all inasmuch as it is already included in his prior First Amended Complaint. Instead, it appears that Plaintiff may be seeking a further "amendment" to avoid dismissal pursuant to the R&R, a dilatory motive or, at least, not in good faith. As noted above, Plaintiff also already filed separate objections to the R&R, which the Court has overruled, in addition to his First Amended Complaint. Justice does not require an amendment that already exists. Therefore, it is

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (docket entry #32) is hereby **DENIED**. It is further

**ORDERED** that, in light of the Order of Dismissal and Final Judgment entered in this case, all motions not already ruled upon are hereby **DENIED**.

**So ORDERED and SIGNED this 4th day of October, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**